IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARRESHA KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-482-ECM |
| | ) | [WO] |
| CREDIT MANAGEMENT L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Now pending before the Court is Defendant Credit Management L.P.'s ("CMLP") motion for judgment on the pleadings. (Doc. 38). The Plaintiff brought one claim for relief in her complaint, alleging that CMLP violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(1) ("FDCPA") by "intentionally communicating in connection with collection of a debt with the Plaintiff at time and place known by Defendant to be inconvenient to the Plaintiff." (Doc. 1 at 4). Upon consideration of the motion and for the following reasons, the Court concludes that the Defendant's motion for judgment on the pleadings is due to be GRANTED.

**I. BACKGROUND**

The following facts are alleged in the complaint and, at this stage, are accepted as true and taken in the light most favorable to the non-moving party. After the Plaintiff discovered that she had an alleged debt, she sent a letter disputing the debt to CMLP and included a statement that "the only convenient way to contact her is via email." (Doc. 1 at 3). CMLP sent a verification letter via mail, which the Plaintiff alleged was a response "in

a way that they knew was inconvenient to the consumer." (Doc. 1 at 3). As a result, the Plaintiff "suffered actual damages . . . in the form of anger, anxiety, amongst other negative emotions." (Doc. 1 at 3). CMLP answered and subsequently filed a motion for judgment on the pleadings. The motion has been fully briefed and is ripe for review.

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings." *United States v. Bahr*, 275 F.R.D. 339, 340 (M.D. Ala. 2011). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). "All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "Judgment on the pleadings is appropriate when . . . the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

## III.  DISCUSSION

The Plaintiff alleges that the letter CMLP sent her is a violation of § 1692c(a)(1), which provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt—(1) at any unusual time or place or a time or place known

or which should be known to be inconvenient to the consumer." In response, CMLP argues that it is entitled to judgment on the pleadings for three reasons: (1) CMLP's letter was a verification letter, which is required to be mailed by 15 U.S.C. § 1692g(b); (2) CMLP did not have knowledge of an inconvenient time or place for communication because the Plaintiff did not inform CMLP of an inconvenient time or place, only that the convenient method of contacting her was through email; (3) "a mailed letter, by its nature, cannot be a communication 'at an inconvenient time or place.'" (Doc. 38 at 2). The Court is persuaded by CMLP's second argument, that the Plaintiff only communicated an inconvenient manner of communication, not an inconvenient time or place for communication, which is not a violation of § 1692c(a)(1).

Although neither the parties nor the Court could identify a factually analogous case from this District or the Eleventh Circuit, the Court is persuaded by the reasoning of *Marks v. Javitch Block LLC*, 2024 WL 838709 (E.D. Tex. Feb. 27, 2024), *report and recommendation adopted sub nom.*, *Dajore J. Marks v. Javitch Block LLC*, 2024 WL 1134037 (E.D. Tex. Mar. 14, 2024). In *Marks*, the plaintiff received a letter from a debt collector informing him that he could dispute an alleged debt and request verification of the alleged debt. *Id.* at *1. The plaintiff responded by letter requesting verification and "notifying Defendant that '[t]he only convenient way to contact me is via email.'" *Id.* The defendant mailed its verification letter to the plaintiff, who then filed suit alleging that the defendant had violated § 1692c(a)(1) "by communicating with Plaintiff via letter after receiving notice that Plaintiff could only be contacted via email." *Id.*

3

The defendant filed a motion to dismiss under Rule 12(b)(6). *Id.* The Court determined that the "Plaintiff did not plead he was contacted at an inconvenient time or place as required under 15 U.S.C. § 1692c(a)(1)." *Id.* at 3. The Court reasoned that the plaintiff pleaded that the manner in which the defendant communicated with him was inconvenient, which is not a violation of § 1692c(a)(1). *Id.* Although the plaintiff's letter implied that all non-email communications are inconvenient, the plaintiff did not allege that receiving an email at his home at the same time he received a letter would be inconvenient. *Id.* Thus, the plaintiff's dispute was with the medium of communication, not the time or place of receiving the communication. *Id.* The Court further reasoned that the FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person *through any medium*," 15 U.S.C. § 1692a(2) (emphasis added), so the plaintiff's preference for email "falls outside the scope of his right to limit the time and place of communication from the debt collector under the FDCPA." *Id.*; *see also Dajore J. Marks*, 2024 WL 1134037, at *2 (explaining that "the FDCPA distinguishes between a preference in medium and a consumer's right to not be contacted at a time or place known to be inconvenient."). The Court concluded that, because the plaintiff failed to plead that he was contacted at an inconvenient time or place by the defendant, he failed to state a claim for which relief could be granted. *Marks*, 2024 WL 838709, at *3; *cf. Duran v. Midland Credit Mgmt., Inc.*, 2016 WL 3661538, at *4 (S.D.N.Y. June 30, 2016) (finding that plaintiff sufficiently pled that debt collector communicated with plaintiff at an "'unusual . . . place or a . . . place known or which should be known to be inconvenient to' Plaintiff" by sending correspondence to plaintiff's brother's address); *Drew v.*

4

*Mamaroneck Cap., LLC*, 2017 WL 4018854, at *3 (M.D. Ga. Sept. 12, 2017) (finding that plaintiff sufficiently pled that "Defendants had both actual and implied knowledge that sending letters anywhere other than to [a specific] address was inconvenient.").

This Court finds the analysis of the *Marks* court persuasive. Although *Marks* was determined on a motion to dismiss and the instant motion is one for a judgment on the pleadings, the legal standards are the same. *See, e.g.*, *Howard v. Ivy Creek of Tallapoosa, LLC*, 631 F. Supp. 1164, 1167 (M.D. Ala. 2022). Like the plaintiff in *Marks*, here the Plaintiff sent a letter to a debt collector, CMLP, disputing an alleged debt and stating that the only convenient form of communication was email. She then received a verification letter from the debt collector and claimed that the letter was a violation of § 1692c(a)(1). She did not allege that receiving an email at her home at the same time she received a letter would be inconvenient. Thus, like the *Marks* plaintiff, her dispute is with the medium of communication, not the time or place of receiving the communication. Consequently, owing to the factual similarities of *Marks* and the present case, and because the Court found the *Marks* analysis persuasive, the Plaintiff has failed to plead a violation of § 1692c(a)(1) as a matter of law.

In her response brief, the Plaintiff argues that CMLP violated § 1692c(a)(1) in light of "Regulation F," specifically 12 C.F.R. § 1006.14(h)(1) of Regulation F, which implements the FDCPA. Section 1006.14(h)(1) provides that "a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." However, the subsequent section provides exceptions to

5

§ 1006.14(h)(1). Section 1006.14(h)(2) states that "[n]otwithstanding the prohibition in paragraph (h)(1) of this section: (ii) [i]f a person initiates contact with a debt collector using a medium of communication that the person previously requested the debt collector not use, the debt collector may respond once through the same medium of communication used by the person." The Plaintiff alleges that she "sent a letter disputing the alleged debt via USPS certified mail," and that this letter included "that the only convenient way to contact [the Plaintiff] is via email." (Doc. 1 at 3). Therefore, pursuant to § 1006.14(h)(2), CMLP was allowed to contact the Plaintiff once via letter, which CMLP did when they sent the Plaintiff a verification letter in response to the Plaintiff's mailed letter of dispute. Thus, § 1006.14(h) does not help the Plaintiff establish that CMLP violated § 1692c(a)(1).

Because the Court finds that the Plaintiff failed to plead that CMLP's letter was a communication at an unusual time or place, she fails to plausibly allege a violation of § 1692c(a)(1) as a matter of law. Further, CMLP's conduct falls within an exception to § 1006.14(h). Therefore, judgment on the pleadings is appropriate, and the Court does not need to address the other arguments made by CLMP.

### IV.  CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED that the motion for judgment on the pleadings (doc. 38) is GRANTED and this case is dismissed with prejudice.

A separate final judgment will be entered.

DONE this 28th day of June, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE